JAMES F. BOYLE,

                                        Plaintiff,

        v.                                                      7:13-CV-104
                                                                (GLS/ATB)

GERALD JOHN DeWOLF, ESQ, et al.,

                                        Defendants.

JAMES F. BOYLE, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with a motion for appointment of counsel, filed by pro se plaintiff, James F. Boyle. (Dkt. Nos. 1, 2).

## I.      **Filing Fee**

The law provides a filing fee of $350.00 for most civil actions. 28 U.S.C. § 1914(a). Plaintiff in this case has paid the filing fee. Notwithstanding that plaintiff has paid the filing fee, the court has "inherent authority" to dismiss a frivolous complaint. *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also* 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee that may have been paid, the court may dismiss an action at any time if the action or appeal . . . is frivolous or malicious . . . or fails to state a claim upon which relief may be granted).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of

court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.    Facts and Procedural Background

Plaintiff's complaint is thirty-seven pages long, and is very difficult to understand from the beginning. (Dkt. No. 1). The court notes that plaintiff initially attempted to file this document in a previous case in which he was named as a

*defendant. Boyea v. Boyle*, No. 7:93-CV-961 (TJM/DH).[1]  As far as this court can

tell,[2] *Boyea v. Boyle* was a civil rights action by Wilfred G. Boyea against plaintiff

Boyle, individually and as Superintendent of Schools of the Madrid-Waddington

Central School District.  Mr. Boyea also named members of the Board of Education of

the Madrid-Waddington Central School District in addition to the school district itself.

The case may have involved his termination and/or pay.

On October 13, 1994, the court issued a judgment dismissing the action by

reason of settlement. (Dkt. No. 13 in 93-CV-961).  The docket sheet indicates that on

November 10, 1994, the parties filed a "Stipulation and Order of Settlement and

Discontinuance." (Dkt. No. 14 in 93-CV-961).  The stipulation appears to have been

signed by all parties.  The paper file was sent to the Federal Records Center for

storage on May 13, 1996.

On ***January 3, 2013***, Mr. Boyle filed a letter-motion in 93-CV-961, stating that

he "anticipat[ed] a time block of my pro se law suit to return New York State's

superintendency to protect the children from predators in the classroom." (Dkt. No. 15

in 93-CV-961).  In this letter, Mr. Boyle states that he discovered after much

investigation, that the attorneys in 93-CV-961 lied to the federal court. (*Id.* at 2-3).

---

[1] "DH" stands for David N. Hurd.  At the time that *Boyea v. Boyle* was filed, Judge Hurd was a Magistrate Judge.  He was later appointed as a Federal District Court Judge, the position that he currently holds.

[2] *Boyea v. Boyle* predated the court's electronic filing system, and has been closed since November 10, 1994. (Dkt. No. 14 in 93-CV-961).  The electronic docket contains only a list of the documents that were filed in that case, and on May 13, 1996, the paper file was sent to the Federal Records Center, based on the case having been closed and no appeal taken.

Mr. Boyle's letter states that he is enclosing a "pro se law suit" against New York State United Teachers ("NYSUT") and all the private attorneys who appeared for both plaintiff and defendants in 93-CV-961. (*Id.*)

Essentially, Mr. Boyle was attempting to file a new law suit using the 1993 civil action, naming himself as the plaintiff and naming as defendants, all the attorneys who appeared for the parties in 93-CV-961, including the attorney who originally represented Mr. Boyle when he was a defendant in that action. In addition to Mr. Boyle's letter, he also filed a 22-page document that the Clerk called a "Brief," but appears to be the new "complaint." (*Id.*; Dkt. No. 15-1).

In a Text Order, dated January 8, 2012, Senior Judge McAvoy denied Mr. Boyle's letter-motion. In that order, Mr. Boyle was advised that if he wished to file a law suit, he would have to file a new action and pay all associated fees.[3]

On January 28, 2012, Mr. Boyle paid the filing fee and filed this action against Gerard John DeWolf, Esq., Individually and NYSUT et al., Robert Ruslander, Esq., Individually and Errors and Omissions Policy, et al., and Joseph C. Teresi, Ainsworth, Sullivan Law Firm. As the complaint in this action, Mr. Boyle filed the same document that he filed with his letter-motion in 93-CV-661 in his attempt to "re-open"

---

[3] The court notes that it would not have been possible for Mr. Boyle to re-open 93-CV-961 because he was attempting to reopen the case as a plaintiff, when he was originally named as a defendant, and was attempting to name as defendants, *inter alia*, all the attorneys who appeared in the prior action. Rule 60 of the Federal Rules of Civil Procedure provides for relief from judgments. Fed. R. Civ. P. 60. A judgment may be reopened for, *inter alia*, fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). However a motion pursuant to Rule 60 must be made within a "reasonable time," and for reasons involving fraud and misconduct, must be made no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Even if reopening would have been appropriate, it is long beyond the time allowed by the rules.

that case.  (*Compare* Dkt. No. 1 in 13-CV-104 *with* Dkt. No. 15-1 in 93-CV-961).  It is unclear from the caption of the complaint, but it appears that plaintiff may also be attempting to sue the NYSUT itself.

The complaint begins with a "Preamble" and a discussion of the Ninth Amendment.[4]  (Complaint ("Compl."); Dkt. No. 1 at 2).[5]  Plaintiff then states that the NYSUT and its attorneys lied to the federal court in 93-CV-961, when they alleged that "the Superintendent denied due process of law."[6] (Compl. at 3).  Plaintiff claims that they "libeled and defamed the Superintendent and caused the loss of numerous constitutional provisions against tyranny." (*Id.*)  Plaintiff also claims that a school board member perjured himself during the prior action, and that the attorney appearing on behalf of Mr. Boyle[7] and the rest of the defendants in 93-CV-961, conspired with the NYSUT attorney to allow the school board member to perjure himself . (*Id.*)

Plaintiff claims that the school board member falsely stated that "the

---

[4] The Ninth Amendment to the United States Constitution reads as follows: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend IX.

[5] The court will cite to pages of the complaint as assigned by the court's electronic filing system ("CM/ECF") because plaintiff's document has a variety of page numbers that are not all in sequence.

[6] The court assumes that Mr. Boyle is referring to himself when he refers to "the Superintendent," because at the time of 93-CV-961, Mr. Boyle was the Superintendent of the Madrid-Waddington Central School District, although in this case, he also refers to himself as "the New York State Superintendent of Schools." (Compl. at 1).  Plaintiff also refers to himself alternately as "the father." (*See e.g.* Compl. at 12).

[7] On the docket sheet of 93-CV-961, Mr. Boyle was represented by two attorneys: Joseph C. Teresi, Esq. (Ainsworth, Sullivan Law Firm) and Robert Ruslander, Esq. (Office of Robert Ruslander).  Plaintiff implies that Attorney Ruslander was the attorney for the insurance company that held the Errors and Omissions Policy for the School District.

Superintendent" recommended a denial of due process and that [t]his essentially gave a classroom rapist a pay check by false witness . . . to the court." (Compl. at 3). Based upon the statements in this complaint, it appears that 93-CV-961 involved a claim by teacher-plaintiff Boyea, represented by his Union (NYSUT), that the Superintendent (Mr. Boyle) and the School Board denied Mr. Boyea due process in connection with his termination as a teacher at the school and perhaps owed him some back pay.

Plaintiff also alleges that the NYSUT and its attorney, Mr. Ruslander, misled the court in 93-CV-961 by "confusing civil law with criminal law to cover <u>his</u> legal error. Teacher's [sic] don't get criminal due process in classroom misconduct . . . and moral turpitude." (Compl. at 4) (underlining in original). Plaintiff claims that Mr. DeWolf, with no objection from plaintiff's attorney, Ruslander, "let the court believe that plaintiff 'charged a teacher criminally.' A totally false perception." (*Id.*) Plaintiff claims that his decision to recommend Mr. Boyea's dismissal was correct and based upon "witnesses and solid evidence beyond 'just cause' but less than that required in a criminal court." (Compl. at 5). Plaintiff alleges that this "false witness" against him "not only removed the parent's [sic] inalienable right to protect their children. It voided the United States Constitution." (*Id.*) Plaintiff alleges that these lies took away two and one half years of his income and "voided" his "right of contract (Boyle's Law)."

Plaintiff includes a newspaper article, written about a Chinese father, who was sentenced to jail for "activism over the nation's food safety policy." (Compl. at 6). Plaintiff then re-writes the article, substituting himself for the Chinese father, and

substituting the facts of plaintiff's case for the facts in the article:

> Associated Press - Beijing - A father who organized a
> support group for other parents whose children were
> sickened in one of China's worst food safety scandals was
> convicted and sentenced Wednesday to 2 ½ years in prison
> for inciting social disorder, his lawyer said.
> . . .
>
> A father who helped organize the New York State School
> Boards Association to correct New York States [sic]
> dysfunctional tenure law for other parents whose children
> were 'raped in the classroom' in one of New York State's
> worst child safety educational scandals was fired without
> due process by <u>the teacher's union</u>, lost 2 ½ years of his
> income and benefits, alleged to be crazy and was arrested at
> the public school board meeting and taken away in irons for
> 'inciting social disorder' by making the teacher's union
> angry, his lawyer helped to arrest him using the wrong
> section of the Education Law. . . .

(Compl. at 7) (underlining in original).

The complaint describes more of plaintiff's actions, associating them with the

newspaper article. Plaintiff states that he was falsely arrested for appearing at a public

school board meeting on April 24, 1995. (Compl. at 30, 37). He also claims he was

threatened by a "union teacher." (*Id.* at 7). Plaintiff states that his "sentence" appeared

"particularly severe" because the "Empire State" gave the "admitted molester and

subsequently convicted classroom rapist" three years of due process, extra income,

and back pay while he was "in prison for classroom rape of his students." (Compl. at

8). Plaintiff never states what he is referring to when he talks about "his sentence."

Plaintiff lists the "Bill of Rights Removed From the Father." (Compl. at 12).

The constitutional provisions cited in this list include the First, Second, Fourth, Fifth,

Sixth, Ninth, and Fourteenth Amendments. (*Id.*) Plaintiff states that as a New York State resident, he had a First Amendment right to speak on educational matters, and as a parent, he had a Ninth Amendment right to protect his own children from a predator. (Compl. at 8). Plaintiff claims that his Second Amendment right to bear arms was violated when the New York State Police took plaintiff's pen, after he joked that he had no weapons, "unless you consider this pen a weapon." (Compl. at 12). Plaintiff claims that his Fourth Amendment rights were violated because the New York State Police seized his personal papers and stole his pen so that he could not appeal. (*Id.*) Plaintiff's Fifth Amendment rights were violated because he was "locked in irons for peaceably attending a school board meeting," his "contract was voided," and his pen was stolen. His Sixth Amendment rights were violated because the "classroom rapist" was afforded a speedy trial, while the "father's children got over 900 days of private terror that the man who raped them would be their teacher." (*Id.*)

Plaintiff includes reference to a Ninth Amendment violation and a Fourteenth Amendment violation. His Fourteenth Amendment violation mentions taking his income, future income, future retirement, "when protecting the quality of his child's constitutional right to his education." (*Id.*) Plaintiff's Ninth Amendment claim mentions various "rights," and states that "certain rights shall not be construed to deny (a speedy trial for the child) or disparage others retained by the people. Arrest the father (superintendent) for peaceful assembly at his child's school board meeting to silence him." (*Id.*)

Plaintiff' motion for appointment of counsel contains additional information

and lists various "violations" on the first page. (Compl. at 17). Although it is labeled a "motion," the court will continue to cite it as if it were part of the complaint because it contains many more facts that may be relevant to plaintiff's claims. Plaintiff states that his causes are: a violation of federal law; violations of penal code; malicious false arrest; wrongful dismissal; voiding the superintendent's due process and statutory commission to protect children; and fraud to reward a convicted classroom rapist. (*Id.*)

Plaintiff mentions an individual who lost her job by being forced to retire after notarizing plaintiff's employment contract. (Compl. at 33). This was apparently the reason that plaintiff went to the school board meeting on April 24, 1995. (Compl. at 34). Plaintiff claims that the NYSUT betrayed "good teachers" by obtaining an Excellence in Teaching bonus for the "convicted classroom felon," Mr. Boyea. (Compl. at 34). Plaintiff is essentially complaining about 93-CV-961, and claiming that all the attorneys lied in order to get money for Mr. Boyea, when he was ultimately convicted of Penal Law violations for molesting children in the classroom.[8] *See People v. Boyea*, 222 A.D.2d 937 (3d Dep't 1995), *lv. to appeal denied*, 88 N.Y.2d 167 (1996). Plaintiff in this case then went to make his opinion known at a school board meeting, where he was arrested, and he ultimately lost his job as superintendent of schools.[9] Plaintiff also believes that he properly recommended Mr. Boyea's

---

[8] Mr. Boyea's judgment of conviction was on December 22, 1993. *People v. Boyea*, 222 A.D.2d at 937. The court notes that Mr. Boyea filed 93-CV-961 on July 21, 1993, prior to his conviction, but the case was settled on October 13, 1994, well after the conviction.

[9] Plaintiff makes a lot of other statements in the Complaint/Motion, but this court has attempted to summarize the important parts of the complaint and minimize plaintiff's rambling discussions of Nazi Germany, congressional misconduct, the Tea Party, the Gun Lobby, and civil

dismissal, and that plaintiff was simply doing his job to protect the children at school. Plaintiff is angry at the NYSUT for representing Mr. Boyea and arguing in his favor during 93-CV-961.

At the end of the complaint/motion, plaintiff requests that the court assign the New York State Attorney General to this case because he is "in a position to corroborate the allegations set forth against the lawyers involved this case." (Compl. at 36).

## III.  Jurisdiction

### A.  Legal Standards

Plaintiff purports to bring this action under 42 U.S.C. § 1983.  In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

An exception to the above rule occurs if the private individual conspires with a state actor to commit an unconstitutional act, or when he is a willful participant in joint activity with the State or its agents. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  Conclusory allegations of conspiracy, however, are insufficient to state a

---

rights in China.

claim. *Id.* (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

**B.    Application**

**1.    Color of State Law**

In this case, plaintiff names two private attorneys (Mr. Teresi and Mr.

Ruslander) and the attorney for the New York State United Teachers Union (Mr.

DeWolf).  It is possible that plaintiff may be trying to name the union (NYSUT) itself.

None of these defendants act under color of state law for purposes of section 1983,

regardless of the actions that plaintiff attributes to them.  To the extent that plaintiff is

attempting to name the NYSUT itself, the union is not a state actor, regardless of

whether the union represents public employees. *Ciambriello v. County of Nassau*, 292

F.3d 307, 324 (2d Cir. 2002); *Leary v. Civil Service Employees Assn.*, No. 11-CV-716,

2012 WL 162261, at *11 (S.D.N.Y. May 9, 2012); *Holland v. City of New York*, No.

10 Civ. 2525, 2011 WL 6306727, at *8 n.2 (S.D.N.Y. Dec. 16, 2011).

Plaintiff also fails to allege conspiracy with a state actor.  Plaintiff claims that

the "errors and omissions" attorney[10] conspired with Mr. Boyea's attorney and allowed

one of the other defendants to perjure himself in 93-CV-961.  However, even

assuming that the attorneys conspired with each other, they were two private

attorneys.  There is no claim that any of these defendants conspired with state actors

such that defendants' actions would be under color of state law.  In addition, even

assuming that a state actor were involved, conclusory allegations of conspiracy are

---

[10] The court assumes that plaintiff is referring to the Errors and Omissions Insurance Policy
held by the school board for purposes of insuring against the type of claim against the board made by
Mr. Boyea or any individual claiming that the school board engaged in misconduct.

insufficient to state a constitutional claim. *Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations that were "strictly conclusory").

## III. __Defendants__

Plaintiff does claim that on April 24, 1995, Ronald Fields (a member of the school board, who was one of plaintiff's co-defendants in 93-CV-961) "orchestrated the arrest of the superintendent at the public school board meeting for 'criminal trespass.'" (Compl. at 30). Plaintiff later claims that Frank Ewing had plaintiff arrested "while declaring to the Commissioner of Education <u>his</u> contract with the superintendent of schools was void. . . . " (Compl. at 31) (emphasis in original). It is unclear what plaintiff means by "orchestrated," but the court gives plaintiff the benefit of every possible interpretation. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (it is well-settled that the court must read pro se pleadings to raise the strongest arguments they suggest).

While false arrest could be a violation of plaintiff's constitutional rights, neither Mr. Fields, nor Mr. Ewing is named as a defendant in this action, and to the extent that plaintiff somehow is attempting to allege false arrest, he does not claim that any of the named defendants in this action participated in that arrest. Plaintiff then discusses his employment contract and how Mr. Ewing and the school board's lawyer, Art Grisham declared that plaintiff's contract was "null and void." (Compl. at 30). Plaintiff's termination could have conceivably involved a constitutional violation if he was terminated in retaliation for the exercise of a constitutional right or if he suffered some "stigma-plus" as a result of statements made by the school district about plaintiff's

12

termination.[11] *See e.g. Spang v. Katonah-Lewisboro Union Free School Dist.*, 626 F. Supp. 2d 389, 394-95 (S.D.N.Y. 2009) (citations omitted). However, plaintiff does not name as defendants any individuals or entities that were responsible for his termination.

## IV.   Statute of Limitations

As stated above, when plaintiff filed his letter to the Clerk in 93-CV-961, in an attempt to begin a lawsuit under that civil action number, he started his letter stating that he "anticipate[d] a time block of [his] pro se law suit to return New York's State's Superintendency to protect the children from predators in the classroom." (Dkt. No. 15 in 93-CV-961).

### A.   Legal Standards

Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). See N.Y. Civ. Prac. L & R. § 214(5). Even if the statute of limitations has run, "equitable tolling" may be available. Equitable tolling is applied in "rare and exceptional cases" where "extraordinary circumstances" prevented the plaintiff from filing his claims within the statute of limitations. *See*

---

[11] Damage to reputation or defamation, in itself, is insufficient to involve the procedural protections of the due process clause or create a cause of action under section 1983. *Patterson v. City of Utica*, 370 F.3d 322, 329-39 (2d Cir. 2004) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). In order to rise to the level of a constitutional violation, the government's defamation must be coupled with the loss of a non-reputational liberty or property interest without due process of law, referred to as "stigma-plus." *Spang*, 625 F. Supp. 2d at 394-95.

*Abbas v. Dixon*, 480 F.3d 560, 564 (2d Cir. 2007).  Plaintiff bears the burden of establishing the applicability of equitable tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

## B.    Application

In his complaint, plaintiff alleges that the defendants lied to the federal court on October 14, 1994.  He states that he was "arrested" on April 24, 1995.  It is unclear when he alleges that he was "wrongfully dismissed," but it appears to have been prior to April of 1995.[12]  All the actions to which plaintiff refers happened prior to 1996, approximately seventeen years ago.  Clearly, the three year period of limitations for claims based upon section 1983 has long past.

There is no basis for the application of equitable tolling.  Plaintiff was well aware that an action filed in 2013, relating to incidents occurring from 1993-96 would be time barred.  His letter to the Clerk of the Court in 93-CV-961 concedes that he "anticipates a time block" in trying to file a new action, and that is why he attempted to reopen the old civil action number.  Plaintiff is no stranger to the federal court, having filed a section 1983 action against the School Board in 1996,[13] a section 1983 case in 2007 against a Hammond Town Attorney, and others working for the Town of

---

[12] This appears to be so because plaintiff claims that when he went to the School Board meeting on April 24, 1995 and was allegedly arrested for criminal trespass, Mr. Ewing declared that plaintiff's contract was "void." (Compl. at 31).

[13] *Boyle v. Board of Ed. of the Madrid-Waddington Central School Dist.*, 7:96-CV-471 (TJM/DS) (closed by stipulation of dismissal on July 17, 1996).  The court notes that Mr. Ewing was defendant in this action.  However, once again, the case is so old that it pre-dates the court's electronic filing system and the paper file has been sent to the records center.

Hammond,[14] and another action in 2008 against other Town of Hammond defendants.[15]

Plaintiff has been warned about the statute of limitations in prior orders of this court in at least one of his other cases, and plaintiff cites no reason for his failure to file prior to 2013. His statement that he just found out "yesterday" that lying to the federal court is a crime does not qualify to toll the statute for many years. First, this statement is incredible on its face. Second, plaintiff cannot enforce criminal laws in any event, and he was advised of this fact in 08-CV-1065. (Dkt. No. 4 in 08-CV-1065 at 10-11) (citing *Hill v. DiDio*, 191 F. App'x 13, 14-15 (2d Cir. 2006)). The fact that plaintiff filed an action in *1996* against the school board and Mr. Ewing (not

---

[14] *Boyle v. Paddock*, 7:07-CV-84 (TJM/GJD) (dismissed on March 13, 2007). This case, *inter alia*, challenged his tax assessments. Plaintiff's originally filed complaint failed to state a claim, and Senior Judge McAvoy ordered plaintiff to amend. (Dkt. No. 8 in 07-CV-84). Senior Judge McAvoy also advised plaintiff of the statute of limitations for section 1983 actions and informed him that any claims relating to events prior to 2004 were likely to be time-barred. (*Id.* at 3-4). Senior Judge McAvoy also advised plaintiff that when he filed his proposed amended complaint, conclusory allegations would not be sufficient to state a claim. (*Id.*) Finally, plaintiff was also advised that he could not apply for appointment of counsel because appointment of counsel is only appropriate when the court had determined that a party is indigent. (*Id.* at 5). Plaintiff had paid the filing fee. Although plaintiff filed a proposed amended complaint, an application to proceed in forma pauperis ("IFP"), and another motion for appointment of counsel, (Dkt. Nos 9, 10 in 07-CV-84), he failed to comply with Judge McAvoy's order, and the case was dismissed in its entirety. (Dkt. No. 12 in 07-CV-84).

[15] *Boyle v. Town of Hammond*, 7:08-CV-1065 (TJM/GJD) (complaint dismissed as frivolous on October 24, 2008, and dismissal affirmed on appeal), 375 F. App'x 85 (2d Cir. 2010). In this case, plaintiff sued the Town, *inter alia*, "for two Federal Crimes" related to both tax assessments and because the Town stopped plowing during an ice storm, causing plaintiff to be forced to do the plowing, thus subjecting him to involuntary servitude. (Dkt. No. 1 in 08-CV-1065). Senior Judge McAvoy issued a lengthy sua sponte dismissal of the complaint. (Dkt. No. 4 in 08-CV-1065). Judge McAvoy noted that the complaint seemed to be similar to 07-CV-84, but named other defendants and was based on other jurisdictional grounds. (*Id.* at 11). Plaintiff was denied the opportunity to amend in this case because there was no way, based on the facts presented, that plaintiff would ever be able to amend to state a qui tam claim, a tax assessment claim, or a claim based upon involuntary servitude. (*Id.* at 14).

defendants in this action) also shows that he had the ability to bring a timely action. In his letter to the Clerk, plaintiff states that it has taken him years of "work and diligence" to find the evidence that he needs to prove his constitutional claims. (Dkt. No. 15 in 93-CV-961). However, he does not explain this statement and does not state any facts that he has not known since the time of the alleged violations.

Plaintiff states that he was coerced to sign the stipulation in 93-CV-961, but does not state why he waited so long to explain this to the court. Plaintiff also alleges false arrest. He would have clearly known at the time he was allegedly arrested in 1995 that the arrest had no basis. He also claims "wrongful dismissal." He would clearly have known at the time that he was dismissed if there had been a due process violation in connection with his dismissal.

There is no basis to apply equitable tolling to the part of his complaint, listing the First, Second, Fourth, Sixth, Ninth[16] and Fourteenth Amendments. (*Id.*) Assuming plaintiff could even state violations of any of these amendments, he knew about all of these claims at the time the violations allegedly occurred. The claims would have to be brought under section 1983, there is no reason for any delay, and they would thus be time barred by the three year statute of limitations.

## V.    **Appointment of Counsel**

Plaintiff has asked that the court appoint counsel in this matter. (Dkt. No. 2). Because this court is recommending dismissal, the motion for appointment of counsel

---

[16] There is no cause of action under the Ninth Amendment. *Brown v. City of Utica*, 854 F. Supp. 2d 255, 260 n.4 (N.D.N.Y 2012) (citing *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007)) (the Ninth Amendment is not an independent source of jurisdiction).

is denied as moot. However, the court also notes that because plaintiff has paid the filing fee and has not filed a motion to proceed IFP, he is not eligible for appointment of counsel. *See* n.14, *supra*; *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (affirming a decision not to appoint counsel where civil litigant was not indigent for purposed of proceeding IFP).

WHEREFORE, based on the findings above, it is

RECOMMENDED, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM**, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-(ii), and it is

RECOMMENDED, that if the court approves this recommendation, it further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

ORDERED, that plaintiff's motion for appointment of counsel (Dkt. No. 2) is DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: February 4, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge