UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES F. BOYLE,

                        Plaintiff,

    -against-                                                                      7:13-CV-0104 (LEK/ATB)

GERALD JOHN DeWOLF, ESQ.; *et al.*,

                        Defendants.

## DECISION and ORDER

**I.**    **INTRODUCTION**

        This matter comes before the Court following a Report-Recommendation filed on February 4, 2013, by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(d). Dkt. No. 6 ("Report-Recommendation"). The Clerk has sent the entire file to the undersigned, including the Objections of Plaintiff James F. Boyle ("Plaintiff"), which were filed on March 18, 2013. Dkt. No. 9 ("Objections"). The Court has considered the Objections and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

**II.**    **BACKGROUND**

        On January 28, 2013, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). In the interests of judicial economy and because Plaintiff is familiar with the facts and allegations, the Court recites the facts in its discussion *infra* only to the extent necessary to resolve the instant matter. For a complete statement of the facts, reference is made to the Complaint. Id.

        Plaintiff paid the required filing fee and did not request to proceed *in forma pauperis*, but

along with his Complaint he also filed a Motion seeking appointment of Counsel.  Dkt. No. 2 ("Motion").

In his Report-Recommendation, Judge Baxter recommends that the Court dismiss the Complaint *sua sponte* for failure to state a claim and also deny the Motion as moot.  See generally Report-Rec.

### III.  LEGAL STANDARD

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error."  Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.  DISCUSSION

Plaintiff's Complaint consists of a rambling but impassioned description of the end of his time as a school superintendent in the mid 1990s.  See generally Compl.  Without delving further into the details of Plaintiffs' claims than necessary, Plaintiff recounts what he believes were a series of injustices that stemmed from the handling of a teacher's arrest and conviction for molesting elementary school children.  See generally id.

2

In his Objections, Plaintiff essentially presents a reprise of his Complaint, recounting the same alleged misdeeds by attorneys and teachers' union members and repeatedly emphasizing his desire to restore the protections of the United States Constitution to the nation's children. Compare id., with Obj. Indeed, much of the Objections amounts to a detailed factual account of the molestation scandal of the mid-1990s. See generally Obj. To the extent that Plaintiff merely recycles his original arguments and objects generally to Judge Baxter's recommendations, the Court has conducted a thorough review of the Report-Recommendation and the record and has determined that the Report-Recommendation is not subject to attack for clear error or manifest injustice. Farid, 554 F. Supp. 2d at 307.

However, mindful of Plaintiff's *pro se* status and the special solicitude that he is therefore owed, Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court liberally construes Plaintiff's Objections as stating two distinct grounds for objection that are not wholly duplicative of his earlier arguments: (1) the private individuals named as Defendants in this case acted in conjunction with official actors so that they were acting under color of state law for purposes of § 1983 liability; and (2) Plaintiff's claims are timely because he is not "'bull shitting' when he claims to discover yesterday [sic] that lying to the Federal Court is illegal." Obj. at 2, 19. The Court addresses Plaintiff's second argument first.

In New York, the three-year statute of limitations applicable to personal injury actions also applies to § 1983 claims and runs from the date a plaintiff had reason to know of her injury. See, e.g., Connolly v. McCall, 254 F.3d 36, 40 (2d Cir. 2001); Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). In cases in which the

statute of limitations has run, equitable tolling may still be available. However, equitable tolling is available only in "rare and exceptional cases" where "extraordinary circumstances" prevented the plaintiff from filing her claims within the statute of limitations. Abbas v. Dixon, 480 F.3d 560, 564 (2d Cir. 2007). Further, a plaintiff bears the burden of establishing the applicability of equitable tolling to her claims. See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

In this case, all of Plaintiff's allegations relate to wrongs allegedly committed against him in the mid 1990s, over a decade-and-a-half before he commenced this suit. Further, as Plaintiff himself asserts on numerous occasions, he has long been convinced that the behavior of the attorneys, union representatives, school board members, and others involved in investigating and responding to the sexual molestation scandal was both nefarious and unconstitutional. See generally Obj. Additionally, the Court finds both unavailing and irrelevant Plaintiff's contention that he only recently learned that lying at a deposition was unlawful. Therefore, the Court concludes that all Plaintiff's claims in this matter are time-barred.

Because Plaintiff's Complaint is barred by the three-year statute of limitations, the Court need not consider Plaintiff's first argument in his Objections or determine whether any of the named Defendants were actually state actors for purposes of § 1983 liability.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety for failure to state a claim on which relief may be granted**, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii);

and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 2) for appointment of counsel is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local rules.

**IT IS SO ORDERED**.

DATED:   April 23, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge